

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHRISTOPHER TROY WILLIAMS**                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 5:07-cv-10-DCB-MTP**

**ISSAQUENA COUNTY JAIL, et al.**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

BEFORE the Court is Plaintiff's conditions of confinement complaint filed pursuant to 42 U.S.C. § 1983 in the above entitled action and the applications for leave to proceed *in forma pauperis* (ifp), filed pursuant to 28 U.S.C. § 1915. The Plaintiff stated that at the time of filing this complaint, on January 22, 2007, he was incarcerated in the Issaquena County Jail based on a misdemeanor conviction from Warren County. On May 25, 2007, the Plaintiff filed his amended request to proceed *in forma pauperis* and informed the Court of his new address, which is a non-incarcerated ("free world") address. The Plaintiff's original *in forma pauperis* request and his amended *in forma pauperis* request both failed to comply with the filing requirements of 28 U.S.C. § 1915.

On July 2, 2007, an order [13] was entered directing the Plaintiff to either pay the filing fee of $350.00 or file a completed application for leave to proceed *in forma pauperis,* within twenty days. The Plaintiff was warned in the Court's order that his failure to fully comply with the Court's order in a timely manner, would result in the dismissal of this case. The Plaintiff failed to comply with the Court's order.

On August 15, 2007, an order [14] was entered directing the Plaintiff to show cause,

within ten days, why this case should not be dismissed for his failure to comply with the Court's July 2, 2007 order. In addition, Plaintiff was directed to comply with the Court's order by paying the filing fee or by filing the required *in forma pauperis* documentation, within ten days. This final show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the Court's show cause order.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute and failure to comply with court orders under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since May 25, 2007. The Court concludes that dismissal of this action for Plaintiff's failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*,

No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 4th ~~day~~ September ~~day of August,~~ 2007.

_____
UNITED STATES DISTRICT JUDGE